IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANNA RODRIGUEZ,

            Plaintiff,

    v.                                Civil Action No. 20-620-CFC

WENDOVER, INC.,

            Defendant.

---

William D. Fletcher, Jr., Dianna E. Louder, SCHMITTINGER & RODRIGUEZ, P.A., Dover, Delaware

    *Counsel for Plaintiff*

Kevin A. Guerke, YOUNG, CONWAY, STARGATT & TAYLOR LLP, Wilmington, Delaware

    *Counsel for Defendant*

## MEMORANDUM OPINION

December 21, 2020
Wilmington, Delaware

_____
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Plaintiff Anna Rodriguez filed this action against Defendant Wendover, Inc., d/b/a Wendy's, (hereinafter "Wendy's"). The single count of Rodriguez's Amended Complaint alleges that Wendy's violated Title VII of the Civil Rights Act. Pending before me are (1) Defendant's motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (D.I. 7), and (2) Plaintiff's motion for leave to file a second amended complaint (D.I. 12).

## I.   BACKGROUND

The following facts, taken from the Amended Complaint, are assumed to be true for the purpose of deciding Rodriguez's motion to dismiss. *Umland v. PLANCO Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

Rodriguez was employed by Wendy's from October 21, 2001 until her termination on January 25, 2017. D.I. 4 ¶ 12–13. Rodriguez is a resident of Delaware and Wendy's is a Delaware corporation. D.I. 4 ¶ 1, 2. During her time at Wendy's, Rodriguez never received any disciplinary warning or writeup. D.I. 4 ¶ 16. At the time of her termination, Rodriguez was a manager at the Wendy's located at 1710 North DuPont Highway, Dover, Delaware. D.I. 4 ¶ 14.

Wendy's told Rodriguez she was terminated because she closed her store a half hour early on January 20, 2017 without permission. D.I. 4 ¶ 17. Rodriguez alleges that Wendy's drive-through records show that the last transaction occurred 23 minutes before closing time on January 20, 2017 and therefore Rodriguez "could not have closed the store 30 minutes early" on that date. D.I. 4 ¶ 17. According to Rodriguez, Wendy's based its determination that she closed the store early on statements made by an employee named Bethany Siles. Rodriguez alleges that Siles falsely accused Rodriguez of closing the store early because Rodriguez had sent Siles's boyfriend home from work after he arrived at the store "intoxicated and smel[ling] like marijuana." D.I. 4 ¶ 19.

Rodriguez alleges that her termination was pretextual, and that she was fired because of her sex and in retaliation for complaints of sexual discrimination she had made. D.I. 4 ¶ 28. In support of her claim, she states that two assistant managers had closed their stores early in the past and were not disciplined. D.I. 4 ¶ 20–21.

## II.   LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. ANALYSIS

#### A. Defendant's Motion to Dismiss for Failure to State a Claim

##### 1. Plaintiff's Claim of Sex Discrimination

The crux of Rodriguez's claim is that she was terminated unlawfully because of her sex and that Wendy's used the false allegation that she closed the store early as a pretext for terminating her employment. D.I. 4 ¶ 25. When a plaintiff brings a discrimination claim under a pretext theory, the *McDonnell Douglas* framework applies. Under this test,

> the plaintiff must first establish a prima facie case of discrimination by showing that (1) s/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination.

3

*Makky v. Chertoff,* 541 F.3d 205, 214 (3d Cir. 2008) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)). Because this test is an evidentiary standard, not a pleading standard, "[a] plaintiff need not convince the court of any of these elements at the motion to dismiss stage, but must submit more than naked assertion that he suffered an adverse employment action because of his membership in a protected class." *Blades v. Mosaic of Del.,* 2017 WL 3868238 at *6 (Aug. 31, 2017) (citation omitted). "[T]o overcome a motion to dismiss…plaintiff has the burden of pleading sufficient factual matter that permits the reasonable inference that plaintiff was terminated or retaliated against for discriminatory reasons." *Jacques-Scott v. Sears Holdings Corp.,* 2011 WL 1059704 at *6 (D. Del. March 22, 2011) (internal quotation marks and citation omitted).

Here, Rodriguez sufficiently pleads that she is a member of a protected class (based on sex), that she was qualified for her position, and that she was terminated from her job. D.I. 4 ¶ 11, 13, 16. But she does not plead sufficient factual allegations to permit the inference that she was terminated for discriminatory reasons. She alleges only that the reason given by Wendy's for firing her was pretextual and that she was actually fired based on her sex. D.I. 4 ¶ 24. This conclusory assertion is insufficient to support Rodriguez's claim. *See Iqbal*, 556

U.S. at 678. Instead, Rodriguez must plead facts that plausibly connect her sex to her discharge.

The only other factual content pleaded is that two other male assistant managers closed their stores early but were not disciplined. But only one of those assistant managers worked at Rodriguez's store, and there is no allegation that the person who fired Rodriguez knew that this assistant manager closed the store early, let alone that the person decided not to discipline that assistant manager for closing the store early. D.I. 4 ¶ 20. In sum, the alleged facts do not plausibly imply that Rodriguez was fired for discriminatory reasons. Therefore, Rodriguez has failed to state a claim for sex discrimination.

### 2. Plaintiff's Claim of Retaliation

Rodriguez also alleges that she was fired in retaliation for her previous complaints of sex discrimination. D.I. 4 ¶ 24. Title VII prohibits an employer from discriminating against an employee "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. 2000e-3(a).

To withstand a motion to dismiss a retaliation claim, the plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her;

5

and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (citation omitted).

Rodriguez states in her brief filed in opposition to Wendy's motion to dismiss that she "engaged in a protected activity at least when she complained that she was not permitted to have her boyfriend work with her while a male manager was permitted to work with his son." D.I. 11 at 11. But Rodriguez did not allege in the Amended Complaint that she made such a complaint to Wendy's and "it is axiomatic that the complaint [filed with the Court] may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex. Rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Moreover, Rodriguez did not allege in the Amended Complaint (or her brief) a causal link between her termination and any complaints she made about not being permitted to work with her boyfriend when another manager was permitted to work with his son. The only mention of retaliation in the Amended Complaint is Rodriguez's broad assertion that she was terminated by Defendant in retaliation for her complaints of sex discrimination. D.I. 4 ¶ 6, 24, 25, 28. This conclusory allegation is insufficient to state a claim.

### B. Plaintiff's Motion for Leave to File Second Amended Complaint

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "embodies a liberal

approach to pleading[,]" and "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202, 204 (3d Cir. 2006) (citation omitted). Here, it is not impossible that Rodriguez could allege some set of facts that would present a cognizable claim under Title VII. Therefore, I will grant leave to amend.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Wendy's motion to dismiss Plaintiff's Amended Complaint (D.I. 7). The Court will also grant Rodriguez's motion for leave to file a second amended complaint (D.I. 12).

The Court will issue an Order consistent with this Memorandum Opinion.