IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANNA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>WENDOVER, INC.,<br><br>Defendant. | Civil Action No. 20-620-CFC |

William D. Fletcher, Jr., Dianna E. Louder, SCHMITTINGER & RODRIGUEZ, P.A., Dover, Delaware

*Counsel for Plaintiff*

Kevin A. Guerke, YOUNG, CONAWAY, STARGATT & TAYLOR LLP, Wilmington, Delaware

*Counsel for Defendant*

## MEMORANDUM OPINION

May 25, 2020
Wilmington, Delaware

_____
        COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Plaintiff Anna Rodriguez filed this employment discrimination action against Defendant Wendover, Inc., d/b/a Wendy's, (hereinafter "Wendy's"). In her Amended Complaint, Rodriguez alleged that Wendy's terminated her based on her sex in violation of Title VII of the Civil Rights Act. Wendy's filed a motion to dismiss Rodriguez's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). D.I. 7. On December 21, 2020, I granted Wendy's motion, dismissed Rodriguez's Amended Complaint, and granted Rodriguez's motion for leave to file a second amended complaint. D.I. 16. On January 15, 2021, Rodriguez filed a Second Amended Complaint, in which she alleged one count of sex discrimination and one count of unlawful retaliation under Title VII. D.I. 18 ¶¶ 27–34. Pending before me is Wendy's motion to dismiss Rodriguez's Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). D.I. 20.

## I.   BACKGROUND

The following facts, taken from Rodriguez's Second Amended Complaint, are assumed to be true for the purpose of deciding Wendy's motion to dismiss. *Umland v. PLANCO Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

Rodriguez, a Delaware resident, was employed by Wendy's, a Delaware corporation, from October 21, 2001 until her termination on January 25, 2017. D.I. 18 ¶ 1–2, 12–13. During her time at Wendy's, Rodriguez never received any disciplinary warning or writeup. D.I. 18 ¶ 13. At the time of her termination, Rodriguez was a manager at the Wendy's located at 1710 North DuPont Highway, Dover, Delaware. D.I. 18 ¶ 14.

Rodriguez was terminated by Robert Beaver and Gerald Hoffner. D.I. 18 ¶ 16. Rodriguez was told that she was terminated because she closed her store a half hour early on January 20, 2017 without permission. D.I. 18 ¶ 17. Rodriguez alleges that she did not close her store early and that it remained open "until its authorized closing time of 1:00 a.m." D.I. 18 ¶ 17. In support of this allegation, Rodriguez cites a Wendy's drive-through record that shows a transaction at 12:37 a.m. on January 20, 2017. D.I. 18 ¶ 17. According to Rodriguez, Wendy's based its determination that she closed the store early on statements made by an employee named Bethany Siles. D.I. 18 ¶ 19. Rodriguez alleges that Siles falsely accused Rodriguez of closing the store early because Rodriguez had sent Siles's boyfriend home from work after he arrived at the store "intoxicated and smel[ling] like marijuana." D.I. 18 ¶ 19.

In the first count of her Second Amended Complaint, Rodriguez alleges that she was unlawfully terminated on the basis of her sex. D.I. 18 ¶ 29. In support of

2

her claim, she states that two male assistant managers, Laville Sprull (who worked at the Middletown location) and Ryan Curry (who worked at the Dover location), had closed their stores early in the past and were not disciplined. D.I. 18 ¶ 20–21. She also alleges that Hoffner denied her request to work with her boyfriend, but when a male employee (Tony Perkins) requested to work with his son, Hoffner granted his request. D.I. 18 ¶¶ 22–23. Rodriguez states that she later "complained to Mr. Hoffner that Mr. Perkins was permitted to work with a related person but she was not able to do so" and "complained to Mr. Hoffner about . . . the favorable treatment received by Sprull and Curry." D.I. 18 ¶ 23. In the second count of her Second Amended Complaint, Rodriguez alleges that she was fired in retaliation "for her prior complaints of discrimination Defendant committed against her based on her sex." D.I. 18 ¶ 33.

## II. LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at

570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III. ANALYSIS

### A. Plaintiff's Claim of Sex Discrimination

The crux of Rodriguez's sex discrimination claim is that she was terminated unlawfully because of her sex and that Wendy's used the false allegation that she closed the store early as a pretext for terminating her employment. D.I. 18 ¶ 26. When a plaintiff brings a discrimination claim under a pretext theory, the *McDonnell Douglas* framework applies. Under this test,

> the plaintiff must first establish a prima facie case of discrimination by showing that (1) s/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination.

*Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Because this test is an evidentiary standard, not a pleading standard, "[a] plaintiff need not convince the court of any of these elements at the motion to dismiss stage, but must submit more than naked assertion that he suffered an adverse employment action because of his

4

membership in a protected class." *Blades v. Mosaic of Del.*, 2017 WL 3868238 at *6 (Aug. 31, 2017) (citation omitted). "[T]o overcome a motion to dismiss . . . [the plaintiff] has the burden of pleading sufficient factual matter that permits the reasonable inference that [the plaintiff] was terminated or retaliated against for discriminatory reasons." *Jacques-Scott v. Sears Holdings Corp.*, 2011 WL 1059704 at *6 (D. Del. Mar. 22, 2011) (internal quotation marks and citation omitted).

Here, Wendy's does not dispute that Rodriguez sufficiently pleaded that she is a member of a protected class (based on sex), that she was qualified for her position, and that she was terminated from her job. D.I. 18 ¶ 11, 13, 16. Wendy's argues that Rodriguez cannot meet the fourth element of her prima facie case because Rodriguez has not pleaded sufficient factual matter to establish a connection between her termination and her sex. D.I. 21 at 5. Rodriguez argues that she met this element when she alleged "unequal treatment of Plaintiff compared to similarly situated male employees regarding similar conduct"—i.e. when she alleged that two male managers, one at her store and one at another location, both closed their stores early and were not disciplined. D.I. 23 at 9; *see* D.I. 18 ¶ 20–21; *Collins v. Kimberly-Clark Pa., LLC*, 708 F. App'x 48, 52 (3d Cir. 2017) (holding that one circumstance that "give[s] rise to an inference of unlawful

discrimination" is when "[an]employer treat[s] similarly situated employees not in the plaintiff's protected class more favorably") (citations omitted).

Wendy's argues that Rodriguez has failed to state a claim for sex discrimination because "[she] has failed to allege facts sufficient to show that she was similarly situated with [the male managers]" and thus "[Rodriguez] tasks the Court with assuming that these two male managers' supposed transgressions were similarly egregious and worthy of termination, i.e. their store closures were appreciably early and without justification." D.I. 21 at 8–9. But the initial burden on the plaintiff at the motion to dismiss stage "is not intended to be onerous." *Marzano v. Comput. Sci. Corp. Inc.*, 91 F.3d 497, 508 (3d Cir. 1996) (citations omitted). Rodriguez need only allege "enough factual matter (taken as true) to suggest the required element." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks and citations omitted). Therefore, Rodriguez's factual allegations that "[she] was similarly situated regarding her work position, duties, and responsibilities to those of [the male managers]" and that those male managers engaged in conduct similar to the conduct she was accused of—closing their stores early—are adequate to state her claim. D.I. 18 ¶ 25; *see Apau v. Printpack Inc.*, 722 F. Supp. 2d 489, 490–91, 493–94 (D. Del. 2010) (holding that the black plaintiff "presented minimal, but sufficient factual pleadings" for his discrimination claim when he alleged that two

other Caucasian employees damaged cylinders in the workplace and were not punished, while he was terminated after being accused of damaging a cylinder).

Wendy's next argues that Rodriguez has failed to state a claim because "[she] does not allege that she reported such early closings to the managers who ultimately terminated her, Messrs. Beaver and Hoffner, or that they were otherwise aware of these alleged early closings." D.I. 21 at 7; *see also* D.I. 16 at 15. But Rodriguez has alleged that Hoffner knew of these early closings in her Second Amended Complaint, albeit in a less-than-clear way. Rodriguez alleges that she "complained to Mr. Hoffner about Mr. Perkins favorable treatment which was denied Plaintiff, *and the favorable treatment received by Sprull and Curry ....*" D.I. 18 ¶ 23 (emphasis added). The "favorable treatment" appears to refer to Rodriguez's allegations earlier in the Second Amended Complaint that Sprull and Curry closed their stores early but were not disciplined. D.I. 18 ¶¶ 20–21. Therefore, one of the supervisors who terminated her, Gerald Hoffner, knew that two male assistant managers closed their stores early without consequence when he terminated Rodriguez. Because Rodriguez has proffered at least one circumstance giving rise to an inference of intentional discrimination, she has stated a plausible claim of sex discrimination.

## B. Plaintiff's Claim of Retaliation

Rodriguez also alleges that she was fired in retaliation "for her prior complaints of discrimination Defendant committed against her based on sex." D.I. 18 ¶ 33. Title VII prohibits an employer from discriminating against an employee "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. 2000e-3(a). To withstand a motion to dismiss a retaliation claim, a plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (citation omitted).

I granted Wendy's first motion to dismiss Rodriguez's claim of retaliation because she did she did not allege in the Amended Complaint that she engaged in a protected activity except for conclusory allegations that she was retaliated against "for her complaints of sex discrimination." D.I. 16 at 6. Similarly, I find here that Rodriguez still does not allege in her Second Amended Complaint that she engaged in a protected activity.

8

Rodriguez argues in her brief filed in opposition to Wendy's second motion to dismiss that "[she] has alleged facts which establish that she engaged in a protected activity, i.e. complaining about dissimilar treatment of female and male managers regarding working with persons having a personal relationship with them." D.I. 23 at 14. She cites to paragraph 23 of her Second Amended Complaint, which reads:

> Defendant's employee, and district manager, Tony Perkins (male) requested permission to work with his son which Gerald Hoffner permitted. Plaintiff complained to Mr. Hoffner that Mr. Perkins was permitted to work with a related person but she was not able to do so. Mr. Hoffner disallowed Plaintiff to work with a related person while allowing a male employee to do so. After Plaintiff complained to Mr. Hoffner about Mr. Perkins favorable treatment which was denied Plaintiff, and the favorable treatment received by Sprull and Curry, which was denied Ms. Rodriguez, Plaintiff was terminated.

D.I. 18 ¶ 23.

Although Rodriguez alleged that she complained of "Mr. Perkins['s] favorable treatment which was denied Plaintiff," she does not sufficiently allege that she engaged in a protected activity. A protected activity under Title VII is defined as "an instance where an employee has opposed a discriminatory employment practice based upon an individual's race, color, religion, sex, or national origin." *Hanzer v. Mentor Network*, 610 F. App'x 121, 125 (3d Cir. 2015) (citation omitted). "Opposition to discrimination" can include making complaints

9

to management. *Andreoli v. Gates*, 482 F.3d 641, 650 (3d Cir. 2007). But "[n]ot every complaint or report entitles its author to protection from retaliation under Title VII . . . [and] [g]eneral complaints of unfair treatment will not suffice." *Davis v. City of Newark*, 417 F. App'x 201, 202–203 (3d Cir. 2011) (citations omitted); *see Brown v. Nat'l Penn Ins. Servs. Grp., Inc.*, 614 F. App'x 96, 99 (3d Cir. 2005) (affirming district court's holding that "[plaintiff] failed to show that she engaged in a protected activity because she complained only of unfairness") (citation omitted); *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015) ("The complaint must allege that the opposition was to discrimination based on a protected category[.]") (citations omitted); *Drummond v. Amazon.com.dedc, LLC*, 2018 WL 5629811, at *6 (D. Del. Oct. 31, 2018) (finding that plaintiff's complaint that her co-workers were verbally threatening her was not a protected activity because "[plaintiff] made no reference to discrimination on account of her gender or race"). Therefore, Rodriguez's allegation that she "complained . . . that Mr. Perkins was permitted to work with a related person but she was not able to do so" does not suffice to state a claim for retaliation under Title VII.

The only additional mention of retaliation in the Second Amended Complaint is Rodriguez's broad assertion that she was terminated by Defendant "in retaliation for her complaints of unequal treatment of her compared to other male employees" and "complaints of sex discrimination." D.I. 18 ¶ 24, 26, 33. These

10

conclusory allegations are insufficient to state a claim for retaliation. *See Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Wendy's motion to dismiss Plaintiff's Second Amended Complaint (D.I. 20) with respect to Rodriguez's retaliation claim and will deny Wendy's motion with respect to Rodriguez's sex discrimination claim. Plaintiff was provided an opportunity to amend her retaliation claim to cure her pleading defects, yet she failed to do so and, thus, the Court concludes that amendment is futile. *Gardner v. Del. Dept. of Health and Soc. Servs.*, 159 F. Supp. 3d 473, 477 (D. Del. 2016); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that the court may deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment").

The Court will issue an Order consistent with this Memorandum Opinion.